1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TRANSAMERICA PREMIER LIFE
INSURANCE COMPANY, *et al.*,

                          Plaintiffs,

        v.

ALMA REYES CARPENTER, *et
al.*,

                          Defendants.

Case No. 19-cv-02367-BAS-AGS

**ORDER DENYING DEFENDANT
ANDREW MUSAELIAN'S
MOTION TO REOPEN AND
MODIFY JUDGMENT (ECF No.
30)**

On March 26, 2020, the Court entered final judgment to resolve an interpleader action brought by Plaintiffs Transamerica Premier Life Insurance Company and Wilton Re Assignment Illinois, Inc. (collectively, "Insurers").  (J., ECF No. 22.) Now before the Court is Defendant Andrew Musaelian's "Motion to Reopen and Modify Judgment Based on New Uncontroverted Evidence."  (Mot., ECF No. 30.) Insurers oppose Mr. Musaelian's motion (Insurers' Opp'n, ECF No. 35), as does Defendant Alma Lydia Carpenter (Carpenter's Opp'n, ECF No. 34).  Mr. Musaelian replied (Reply, ECF No. 36) and later filed a supplemental declaration (Suppl. Decl.,

ECF No. 37).[1]  The Court finds Mr. Musaelian's motion suitable for determination on the papers submitted and without oral argument.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **DENIES** the motion.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.    Insurers' Interpleader Action

In December of 2019, Insurers filed an interpleader action seeking to resolve several competing claims on monthly payments due to Defendant Alma Lydia Carpenter pursuant to a personal injury structured settlement owned and issued by Insurers.  (Compl. ¶¶ 14, 33–43, ECF No. 1.)  In addition to Ms. Carpenter, Insurers named as defendants Andrew Musaelian, Stanley Tanaka, and Richard M. Kipperman (as Chapter 7 Trustee of the Bankruptcy Estate of Ms. Carpenter), each of whom had obtained by assignment the right to collect various judgments against Ms. Carpenter.  (*Id*. ¶¶ 25, 29, 31.)  These Defendants sought to collect on their debts against Ms. Carpenter out of the monthly payments that Insurers paid to her.  (*Id*.)  Insurers pled that "[d]ue to the timing of the numerous judgments, [they were] unable to put one judgment ahead of any other without facing . . . risk of multiple litigation," and sought intervention of this Court to resolve Defendants' competing claims to the monthly payments.  (*Id*. ¶¶ 36–38.)

The parties negotiated a stipulated judgment, which the Court entered on March 26, 2020 (the "Judgment").  (*See generally* J.)  The Judgment resolved Defendants' claims to the monthly payments by setting forth the manner and order in which Insurers would pay Defendants.  (*Id*. ¶ 5.)  Pursuant to the Judgment, Mr. Musaelian would be paid first followed by Mr. Tanaka and Mr. Kipperman.  (*Id*.)  Insurers would then resume monthly payments to Ms. Carpenter until November 1,

---

[1] Ms. Carpenter objected to Mr. Musaelian's reply and supplemental declaration. (Carpenter's Obj., ECF No. 38).  The Court **SUSTAINS** the objection with respect to the supplemental declaration (ECF No. 37) and disregards that filing as an improper sur-reply.  *See* Rule 4.F Standing Order for Civil Cases ("Sur-replies . . . may not be filed unless leave of Court has been granted.").

2027.  (*Id.*)  The Judgment also prohibited Defendants from "commencing any actions or asserting any of their claims identified in the complaint other than in this action" (*id.* ¶ 2), and discharged Insurers from "any and all liability to Defendants . . . in connection with, arising out of, or relating to the underlying settlement agreement, the Annuity, the Payments at Issue [i.e. the monthly payments], Defendants' judgments, and/or any claims that were or that could have been asserted in this action[]" (*id.* ¶ 3).  Finally, the Judgment provided that it "may only be modified by order of this Court, good cause showing, and shall be binding upon and inure to the benefit of each of the parties." (*Id.* ¶ 7(a).)

### B.     Defendant Musaelian's Motion

Insurers named Mr. Musaelian as a defendant in their interpleader action because of his efforts to collect on nine judgments against Ms. Carpenter from the monthly payments by Insurers.  (Compl. ¶¶ 30–31.)  The Judgment unequivocally resolves Mr. Musaelian's nine previous claims, and Insurers have fully satisfied the Judgment with respect to those claims.  (*See* Mot. at 5; Carpenter's Opp'n 3; Insurers' Opp'n 3–5.)

Nevertheless, on April 11, 2022, more than two years after Insurers' interpleader action was resolved, Mr. Musaelian filed a motion to reopen and modify the Judgment "in order to enforce a criminal restitution judgment against Alma Lydia Carpenter which was unbeknown to anyone when this case was closed."  (Mot. 1.)  Mr. Musaelian argues that Ms. Carpenter was a criminal defendant in a massive real estate fraud case and that she agreed in May of 2013 to pay restitution to two aggrieved lenders, Nationstar Mortgage ("Nationstar") and Bank of America.  (*Id.* at 7–8.)  Mr. Musaelian claims—without specifying a date—that Nationstar assigned him its restitution judgment ("Nationstar Restitution Judgment") "for collection and enforcement purposes."  (*Id.*)  Although Mr. Musaelian's motion is unclear, he appears to be asking the Court to reopen Insurers' interpleader action to modify the

1    Judgment in a manner that would enable him to collect directly from Insurers on the

2    2013 Nationstar Restitution Judgment.  (*Id*. at 11.)

3         Ms. Carpenter opposes Mr. Musaelian's motion, arguing (1) that Mr.

4    Musaelian has known about her criminal conviction since at least 2019; (2) that he

5    has no proof of any assignment from Nationstar to himself; and (3) that this Court

6    lacks jurisdiction to enforce state court judgments.   (Carpenter's Opp'n 3–4.)

7    Insurers also oppose Mr. Musaelian's motion arguing that they are disinterested

8    stakeholders who now face the same "predicament that caused the need for

9    interpleader relief in 2019, which was seemingly resolved by the 2020 Judgment."

10   (Insurers' Opp'n 5.)   Insurers argue they "need not be included in the ongoing

11   financial issues created by Defendant Carpenter and the seemingly endless

12   judgments presented by her creditors" and that "Insurers should be discharged from

13   involvement in matters stemming from Defendant Carpenter's financial matters."

14   (*Id*. at 6.)

15   **II.    LEGAL STANDARD**

16        Federal Rule of Civil Procedure ("Rule") 60(b) governs the reconsideration of

17   final orders of the District Court.  Rule 60(b) permits a district court to relieve a party

18   from a final judgment, order, or proceeding upon a showing of: (1) mistake,

19   inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an

20   adverse party's fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a

21   satisfied, released, or discharged judgment; or (6) any other reason that justifies relief

22   from the operation of the judgment.  Fed. R. Civ. P. 60(b).  "A motion under Rule

23   60(b) must be made within a reasonable time—and for reasons (1) [mistake], (2)

24   [newly discovered evidence], and (3) [fraud] no more than a year after the entry of

25   the judgment or order[.]"  Fed. R. Civ. P. 60(c)(1); *Thompson v. Kernan*, No. 06-CV-

26   2314-BAS-RBB, 2015 WL 7820679, at *1 (S.D. Cal. Dec. 2, 2015).

27

28

### III.   ANALYSIS

#### A.   Legal Basis for Mr. Musaelian's Motion

Mr. Musaelian does not state any legal grounds for his motion; however, the "Motion to Reopen and Modify Judgment Based on New Uncontroverted Evidence" fits best as a Rule 60(b)(2) motion since Mr. Musaelian requests changes to a final judgment based on "new" evidence.[2]  *See* Fed. R. Civ. P. 60(b)(2).

Mr. Musaelian's motion could also be construed liberally as a Rule 60(b)(6) motion,[3] since he argues there is "good cause" to modify the Judgment, which if true, could constitute a "reason that justifies relief from the operation of the [J]udgment."  *See* Fed. R. Civ. P. 60(b)(6).  However, Rule 60(b)(6)'s "catch-all provision is to be 'used sparingly as an equitable remedy to prevent manifest injustice' and 'only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  *Thompson*, 2015 WL 7820679, at *2 (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)); *see also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (explaining that relief under Rule 60(b)(6) "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief").

#### B.   Rule 60(b)(2) Motion

To the extent the Court construes Mr. Musaelian's motion as a request for relief under Rule 60(b)(2), the motion fails as untimely. As explained above, a motion for reconsideration based upon Rule 60(b)(2) must be made "no more than a year" after the final judgment or order at issue.  This Court entered judgment to

---

[2] The Court also considered whether the Motion could constitute a "motion to alter or amend a judgment" under Rule 59(e).  A Rule 59(e) motion would be long since time barred, however, since it was not filed within twenty-eight days after entry of Judgment on March 26, 2022.  (J.)

[3] At the time Mr. Musaelian filed his motion, he was pro se.  Counsel has since appeared on his behalf (*see* ECF No. 33), but because his motion was filed pro se the court will construe it liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed'[.]").

1   resolve Insurers' interpleader action on March 26, 2020.  (J.)  Mr. Musaelian did not

2   bring the present motion to "reopen and modify" that Judgment until over two years

3   later on April 11, 2022.  (Mot.)

4          Thus, Mr. Musaelian's delay in bringing this motion exceeds the stated one-

5   year time limit and precludes the Court from considering the motion under Rule

6   60(b)(2).  *See Nevitt v. United States*, 886 F.2d 1187 (9th Cir. 1989) (holding that

7   district court lacked jurisdiction to consider a Rule 60(b)(2) motion that was not filed

8   within one year of entry of judgment).  The Court has no discretion to extend the

9   time permitted to file a Rule 60(b)(2) motion.  *See* Fed. R. Civ. P. 6(b)(2) ("A court

10  must not extend the time to act under Rule[] . . . 60(b).").  Accordingly, the Court

11  finds that it lacks jurisdiction to consider Mr. Musaelian's motion under Rule

12  60(b)(2).

13         **C.      Rule 60(b)(6) Motion**

14         To the extent the Court construes Mr. Musaelian's motion as arising under

15  Rule 60(b)(6), it still fails.  As discussed previously, Rule 60(b)(6) enables a court to

16  relieve a party from a final judgment for any reason that justifies the relief.  Fed. R.

17  Civ. P. 60(b)(6).  However, the Ninth Circuit has limited the use of Rule 60(b)(6) to

18  apply "only where extraordinary circumstances prevented a party from taking timely

19  action to prevent or correct an erroneous judgment" and only when necessary "to

20  prevent manifest injustice."  *Latshaw*, 452 F.3d at 1103.  Neither justification is

21  present here.

22                  **1.      Extraordinary Circumstances to Warrant Delay**

23         Mr. Musaelian does not articulate any extraordinary circumstances that

24  prevented him from taking timely action to prevent or correct an erroneous judgment.

25  The crux of his argument is that because the Nationstar Restitution Judgment was

26  "unbeknown to anyone" at the time this Court issued final judgment in Insurers'

27  interpleader action, there is good cause to modify the Judgment.  (Mot. 4.)  He does

28  not propose any specific modification.  (*Id.*)  Ms. Carpenter disputes that the

Nationstar Restitution Judgment was "unbeknown to anyone" at the time this Court resolved the interpleader action.[4]  Given that the Nationstar Restitution Judgment has existed since 2013 (Mot. 8), and Mr. Musaelian has been engaged in collection efforts against Ms. Carpenter for over a decade (Reply 2), he has failed to provide a sufficient justification for his two-year delay in attempting to modify a final order of this Court.  *See Latshaw*, 452 F.3d at 1103.

Not only does Mr. Musaelian fail to provide this Court with a justification for his delay in filing this motion, but his motion does not challenge the Judgment as erroneous.  Even if Mr. Musaelian had acted in a timely manner—which he did not—he does not raise any error in the Judgment that needs to be corrected.  Nor can he genuinely do so since he stipulated to the Judgment and had no objection to it while Insurers were paying out his claims pursuant to it.  Instead, two years later, he asks this Court to reopen Insurers' interpleader action, not because of any error with the Judgment, but because he wants to collect additional sums from Insurers on claims that existed at the time of the interpleader action.  The Court declines to do so and finds that Mr. Musaelian has failed to demonstrate any extraordinary circumstances that prevented him from taking timely action to prevent or correct an erroneous judgment.

### 2.   Manifest Injustice and Good Cause

Mr. Musaelian has also failed to articulate any manifest injustice that would occur absent modification of the Judgment.  Since the Judgment indicates it can be modified for "good cause" (*see* J. ¶ 7(a)), Mr. Musaelian spends much of his motion arguing there is good cause to modify the Judgment because Nationstar is entitled to collect restitution.  (Mot. 8–11.)  In particular, Mr. Musaelian asks the Court "to

---

[4] In fact, Ms. Carpenter correctly points out that at the time of the interpleader action, Nationstar certainly knew about its Restitution Judgment but never made a claim to Insurers as a manner of collecting on it.  (Carpenter's Opp'n 5.)  As such, Nationstar was not a party to the interpleader action.

reopen/modify the March 26, 2020 order . . . so that the criminal restitution judgment enforcement action can commence and the victim [Nationstar] can obtain closure of this serious theft." (Mot. 11.) That Nationstar might be entitled to restitution from Ms. Carpenter, however, is insufficient to constitute good cause to modify the Judgment, since nothing in the Judgment precludes Nationstar from collecting from Ms. Carpenter. Thus, there is no manifest injustice to Nationstar warranting modification of the Judgment, because Nationstar was not a party to the interpleader action and its ability to collect from Ms. Carpenter is unaffected by the Judgment. *See Latshaw*, 452 F.3d at 1103.

Even were this Court inclined to reopen Insurers' interpleader action to allow Mr. Musaelian to "enforce a criminal restitution judgment," the Court would necessarily be "step[ping] in to enforce state court judgments because a federal [party] wants to speed up or delay state court proceedings." *Waste Action Project v. Buckley Recycle Ctr., Inc.*, No. C13-1184 RSM, 2020 WL 7043597, at *7 (W.D. Wash. Dec. 1, 2020) (quoting *Johnson v. Fitial*, No. 1:09-CV-000023, 2012 WL 12542689, at *5 (D. N. Mar. I. Sept. 26, 2012)). "To do so would implicate principles of equity, comity, and federalism and would reflect a lack of respect for the state's ability to resolve the cases properly before its courts." *Id.* (internal quotations omitted). This Court cannot allow Mr. Musaelian to use its Judgment resolving Insurers' interpleader action as an end run around the variety of state court procedures available to Nationstar to enforce its Restitution Judgment.

Since the Court is not persuaded that any manifest injustice would result absent modification of the Judgment, the Court refuses to modify its prior Judgment and finds that Mr. Musaelian's motion is improper under the Ninth Circuit's limited interpretation of Rule 60(b)(6). *See Latshaw*, 452 F.3d at 1103.

//

//

//

**IV.  CONCLUSION**

For the reasons set forth above, the Court **DENIES** Mr. Musaelian's motion. (ECF No. 30.)  Insurers are directed to dispense the monthly payments in accordance with the Judgment unless this or another Court orders otherwise.

**IT IS SO ORDERED.**

**DATED: June 22, 2022**

**Hon. Cynthia Bashant**
**United States District Judge**